UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WAYNE ROSE,

                Plaintiff,

      -against-

JEFFREY D. LEBOWITZ; THE STATE OF NEW
YORK,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-2650 (NGG) (LB)

GARAUFIS, United States District Judge.

Pro se Plaintiff filed the instant complaint alleging civil rights and constitutional violations by Defendants and has made a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. Plaintiff's request to proceed IFP is GRANTED. For the reasons discussed below, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

I.    **BACKGROUND**

Plaintiff brought this action against Jeffrey Lebowitz, a Justice in Queens County Supreme Court. (See Compl. (Dkt. 1).) Plaintiff alleges that Justice Lebowitz "discriminates against poor people, people with disabilities and/or self represented people . . . ." (Id. ¶ 8.) Plaintiff further alleges that Justice Lebowitz "continues to use his office to show prejudice, act in a narcissist manner and show a total disregard of proper procedures . . . " (Id.) Plaintiff contends that Justice Lebowitz shows "favoritism" to attorneys, and that Defendant State of New York has allowed such policies and practices to continue. (Id. ¶¶ 16, 19.) Plaintiff seeks monetary damages from both Defendants. (See id.)

II.   **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it

1

is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally and interpret it to raise the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

### III. DISCUSSION

Plaintiff's allegation that Justice Lebowitz is biased against pro se litigants arises from actions that Justice Lebowitz took in his judicial capacity in connection with Plaintiff's state court proceedings. However, judges are immune from liability for damages stemming from acts that are within the judge's judicial capacity. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Dupree v. Bivona, No. 07-4599-CV, 2009 WL 82717, at *1-2 (2d Cir. Jan. 14, 2009); McHenry v. Trager, No. 07 CV 5242, 2008 WL 115391, at *1 (E.D.N.Y. Jan. 10, 2008); 28 U.S.C. § 1915(e)(2)(B).

The State of New York is also immune from Plaintiff's claim for monetary damages. The

Eleventh Amendment of the United States Constitution bars suits in a federal court by private parties against the State or one of its agencies, absent consent to such a suit or an express statutory waiver of immunity. Lapides v. Bd. of Regents of Univ. of Ga., 535 U.S. 613, 618 (2002); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Leogrande v. New York, No. 08 CV 3088, 2013 WL 1283392, at *11 (E.D.N.Y. Mar. 29, 2013). Defendant New York State has not consented to suit in federal court. Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977); Leogrande, 2013 WL 1283392, at *11. Therefore, plaintiff's claim for monetary damages against New York State is barred by the Eleventh Amendment.

Because Defendants are immune from the type of suit Plaintiff seeks to bring, the court need not afford Plaintiff the opportunity to amend his Complaint to cure pleading deficiencies.

## IV. CONCLUSION

Accordingly, Plaintiff's Complaint is DISMISSED. 28 U.S.C. § 1915(e)(2)(B)(iii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
May /<, 2013